UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE ALFONSO WILBURN, | No. 2:24-cv-03638 SCR P |
| Plaintiff, | |
| v. | ORDER |
| NAVARUS, | |
| Defendant. | |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983 without a lawyer. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. For the reasons set forth below, the complaint fails to state any cognizable claims for relief. Plaintiff will be given leave to file an amended complaint and the legal standards for his potential claims.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 2.) He has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial

1  partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order
2  directed to CDCR requires monthly payments of twenty percent of the prior month's income to be
3  taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid
4  in full.  See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

| | |
|---|---|
| 1 | **PLAINTIFF'S COMPLAINT** |
| 2 | Plaintiff's alleges that defendant Navarus, a correctional officer at High Desert State |
| 3 | Prison ("HDSP"), closed a cell door on plaintiff's right hand. (ECF No. 1 at 3.) Defendant |
| 4 | Navarus was in the tower and controlled plaintiff's cell door. Plaintiff was trying to get |
| 5 | defendant's attention to let him know that he was going to charge his tablet. But Navarus was |
| 6 | doing two things at once and not paying attention to who was coming in and out of the cells that |
| 7 | he was opening and closing. (Id.) |
| 8 | Plaintiff suffered a hand injury with resulting pain that affects his handwriting and |
| 9 | prevents him from completing everyday activities like doing schoolwork, washing himself, |
| 10 | putting on his clothes, and writing songs to further his musical talents. (ECF No. 1 at 4-5.) |
| 11 | Plaintiff received an x-ray and a doctor prescribed a splint, Tylenol, and naproxen. (Id.) Plaintiff |
| 12 | alleges deliberate indifference, negligence, and malicious intent. (Id. at 4.) The complaint does |
| 13 | not include a specific request for relief. |
| 14 | **LEGAL STANDARDS** |
| 15 | **I.    42 U.S.C. § 1983** |
| 16 | A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, |
| 17 | privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, |
| 18 | including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim |
| 19 | under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law |
| 20 | (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. |
| 21 | County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021). |
| 22 | **II.   Linkage** |
| 23 | Section 1983 requires that there be an actual connection or link between the actions of the |
| 24 | defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. |
| 25 | Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 |
| 26 | (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's |
| 27 | "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a |
| 28 | series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which |

[the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**DISCUSSION**

**I.     Eighth Amendment**

   **A.  Legal Standard**

The undersigned construes plaintiff's "deliberate indifference" allegation as attempting to state an Eighth Amendment claim. The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations omitted); see also Helling v. McKinney, 509 U.S. 25, 33 (1993) (noting that the Eighth Amendment prohibits deliberate indifference that subjects an inmate to an excessive risk of future harm). A prison official may be held liable for failing to ensure the safety of inmates only where the inmate can show they were "incarcerated under conditions posing a substantial risk of serious harm," and that the prison official was deliberately indifferent to that risk. Farmer, 511 U.S. at 834, 837. Mere negligence on the part of the prison official is not sufficient to establish Eighth Amendment liability. Id. at 835.

A prison official acts with deliberate indifference only if they "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted).

**B. Analysis**

Plaintiff's complaint does not plausibly allege that defendant Navarus acted with deliberate indifference. It states that Navarus was "not paying attention" and doing two things at once when he closed the cell door on plaintiff's hand (ECF No. 1 at 3), which at best support that Navarus acted with negligence, not deliberate indifference. Plaintiff does allege that defendant acted with "malicious intent," but this conclusory allegation is not sufficient to survive screening. See Iqbal, 556 U.S. at 678. Plaintiff will be given leave to amend this claim and is advised, if such facts are true, that he may plead additional supporting facts that allow for the inference that defendant Navarus acted with deliberate indifference as opposed to mere negligence.

**II.    Potential State Law Claims**

The complaint also alleges that defendant Navarus acted with negligence in closing the cell door on plaintiff's right hand. (ECF No. 1 at 4.) Plaintiff is advised that negligence is not actionable under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 333 (1986). Negligence is a state law claim that, under California law, requires the plaintiff to allege the following elements: "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." CACI No. 400 (citing Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (Cal. 1996)).

In addition, a plaintiff must also allege compliance with the claim presentation requirements of the California Government Claims Act, Cal. Gov't Code §§ 810 et seq. ("GCA"). The GCA "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020) (quoting State of California v. Superior Court, 32 Cal. 4th 1234, 1243 (2004)).

Here, plaintiff has not alleged compliance with the GCA. He will be given leave to amend his potential state law claims to allege that he timely presented a tort claim to the

appropriate government entity. He is further encouraged to consider the elements for a California state law negligence claim that the undersigned has provided above.

### III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Eighth Amendment against defendant Navarus. The complaint also does not allege compliance with the Government Claims Act as to any state tort claims against Navarus. Drawing all reasonable inferences in plaintiff's favor, the complaint at best establishes that defendant Navarus was negligent in closing the cell door on plaintiff's right hand. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is advised to consider the Eighth Amendment legal standard and GCA requirements laid out above. In addition, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6

**IV.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer**

Your complaint will not be served because the facts alleged are not enough to state a claim.  Specifically, the complaint does not plead facts alleging that defendant Navarus was deliberately indifferent as opposed to negligent or careless.  The complaint as does not allege compliance with the Government Claims Act.  You are being given a chance to fix these problems by filing an amended complaint.  If you file an amended complaint, pay particular attention to the legal standards above.  Be sure to provide facts that show exactly what each defendant did to violate your rights.  **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:24-cv-03638 SCR P**, and must be labeled **"First Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

////

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: November 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE