UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE ALFONSO WILBURN, | No.  2:24-cv-03638 SCR P |
| Plaintiff, | |
| v. | ORDER |
| NAVARUS, | |
| Defendant. | |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed a request for appointment of counsel, which states in relevant part:

> I am not trained in law and do not have the knowledge or ability to represent myself properly in court.  Because I do not understand the legal process well enough to defend myself or prepare legal arguments, I believe it is in the interest of justice that I have professional legal representation.

ECF No. 10 at 1.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

1

1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-2211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Turning to plaintiff's request, the undersigned finds that plaintiff's lack of legal training does not constitute an exceptional circumstance warranting the voluntary appointment of counsel. Moreover, plaintiff's deliberate indifference claim is not complex and is a fairly common type of civil rights action filed by incarcerated persons. Finally, plaintiff's concerns about representing himself in court are premature given that the case is not past the statutory screening phase yet. See 28 U.S.C. § 1915A. Accordingly, plaintiff's request for the appointment of counsel is denied.

As noted above, this action is still in the statutory screening phase. Several weeks before plaintiff requested the appointment of counsel, the undersigned issued a screening order finding that plaintiff's complaint defective and granted 30 days to file an amended complaint. ECF No. 8. However, to date, plaintiff has not filed an amended complaint. Because it appears that plaintiff may have been under the mistaken belief that his request for appointment of counsel

affected his obligation to comply with the screening order, the undersigned will grant plaintiff an additional twenty-one (21) days to file an amended complaint.  Plaintiff is again reminded that a failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's request for the appointment of counsel (ECF No. 10) is denied.

2.      Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:24-cv-03638 SCR P**, and must be labeled **"First Amended Complaint."**

3.      Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: January 20, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3