UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE ALFONSO WILBURN, | No.  2:24-cv-03638 SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| NAVARUS, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

By order filed November 5, 2025, the undersigned found plaintiff's complaint defective and granted 30 days to file an amended complaint.  ECF No. 8.  In a subsequent order dated January 20, 2026, the undersigned denied plaintiff's motion for appointment of counsel and again granted plaintiff 30 days to file an amended complaint.  ECF No. 11.  In both orders, the undersigned advised plaintiff that failure to comply would result in a recommendation to dismiss this action.  ECF Nos. 7, 11.  However, to date, plaintiff has not filed an amended complaint. Therefore, the undersigned recommends that the action be dismissed for failure to comply with a court order, Local Rule 110, and failure to prosecute, Fed. R. Civ. P. 41(b).

When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

1

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint was screened out and defendant was not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice pursuant to Local Rule 110 and Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2